## VOLUME 97,

### AND

# New York State Reporter,

## VOLUME 131.

(110 App. Div. 542.)

### REYNOLDS v. CONDON et al.

(Supreme Court, 'Appellate Division, First Department. December 30, 1905.)

1. DEEDS—VALIDITY—SUFFICIENCY OF EVIDENCE.
    In a suit for specific performance, evidence *held* insufficient to show that certain prior deeds by the vendor to her daughter, which were regular in form and based on a sufficient consideration, by which the vendor had devested herself of title prior to the contract, were invalid.
    [Ed. Note.—For 'cases in point, see vol. 16, Cent. Dig. Deeds, § 637.]

2. SPECIFIC PERFORMANCE—COMPELLING PRIOR GRANTEE TO JOIN IN CONVEYANCE.
    In a suit for specific performance of a contract to convey land, the vendor's prior grantee, who was not a party to the contract, could not be compelled to join in a conveyance to the vendee, even though her title was void.
    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 47, 51–53.]

Appeal from Special Term, New York County.

Action by James Reynolds against Mary E. Condon and another. From a decree in favor of plaintiff, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Wm. H. Jackson, for appellants.
Geo. H. Taylor, Jr., for respondent.

HOUGHTON, J. On the 3d day of October, 1904, the defendant Mary E. Condon entered into a contract with the plaintiff to sell to him certain real property, and he paid to her thereon $250. Conveyance was to be made, and the balance of purchase price paid,

on the 3d day of November following. On the 9th of that month the defendant Margaret M. Condon recorded a deed of the same premises, executed by Mary E. Condon to her, and dated October 1, 1902, and acknowledged December 22d following. Defendant Mary defaulted on the day of performance, and refused thereafter to make a conveyance, and the plaintiff brought this action to compel performance, joining Margaret therein, alleging that the deed to her was void and without consideration, and that the contract with plaintiff was made with her knowledge, and asking that she be compelled to join in conveyance to him and release any interest which she might have in the property, if she had any, and, in the event of a specific performance not being decreed, that he have his judgment against defendant Mary for damages. The defendant Mary answered, admitting the making of the contract, but alleging that the title was not in her at the time; and the defendant Margaret answered, setting up title in herself.

On the trial the defendant Margaret produced a deed from defendant Mary, also dated the 1st day of October, 1902, acknowledged October 24, 1902, to one Joseph McDonough, purporting to convey the premises in question, and a deed from McDonough to herself, dated the 24th day of October, 1902, acknowledged on the next day, purporting to convey the same premises to her. The defendants are mother and daughter, residing in the same household; the daughter Margaret working at a weekly salary of $8 to $12. McDonough is a brother of defendant Mary and uncle of Margaret, and was not produced upon the trial as a witness, although it was not shown he was without the state or city. Notwithstanding the two deeds of October 1, 1902, the defendant Mary, on the 7th of March, 1904, executed a mortgage upon the premises in question and obtained thereon $1,350. Margaret testified upon the trial that she knew nothing of the contract for conveyance made by her mother, nor of the mortgage of $1,350, and that from her weekly salary she had paid a considerable sum of money to her mother on the agreed purchase price. The trial court concluded that the deeds from Mary to McDonough and to Margaret were only deeds in form, and did not in fact pass title to either of them, and directed that Mary specifically perform, and that Margaret join in a conveyance, the form of which was set forth in the decree.

While there are many suspicious circumstances connected with the alleged title of Margaret, and while it is quite improbable that she did not know that her mother was dealing with the property as her own, notwithstanding the deeds, the court is of the opinion that the evidence was insufficient to justify the finding that the deeds to Margaret were void and passed no title to her. The deed to McDonough was regular in form, as well as the one from him to Margaret; and there was proof, suspicious though it may be, that it was for a consideration passing from him to Mary. The same is true of the deed from Mary to Margaret, except for the fact that no seal or scroll appears. Whether this omission affects its validity it is unnecesary for us now to determine, for her title through McDonough is not thus affected. Title to real property should not be set aside on mere suspicion. There must be something which the court

can lay hold of to permit it to say that a conveyance valid upon its face was not intended to or did not operate as such. Upon a retrial it is possible that further evidence may be produced, and, if not, the plaintiff can still have his judgment for damages against defendant Mary.

A serious question is presented as to whether Margaret could be compelled by judgment to join in a conveyance even though her title was properly adjudged void. She was not a party to any contract to convey. If her deeds passed no title to her, they can be set aside and be adjudged to be a nullity, and Mary can be directed to convey. The judgment in such case would disclose the fact that the title had remained in Mary, because Margaret had acquired none, and a conveyance by Mary alone would pass all of the title, because Margaret would then be adjudged never to have acquired any.

The judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur; O'BRIEN, P. J., in result.

